## JACKSONVILLE ADJUSTMENT BUREAU v. NATIONAL BEN FRANKLIN FIRE INS. CO.

(District Court S. D. Florida. October 9, 1924.)

Nos. 1687, 1688.

**1. Insurance ⚖═➤397—Negotiations for settlement held not to estop insurer to deny validity of policy.**

That an insurer, after a loss, received proofs of loss and negotiated for a settlement, though having knowledge of facts going to the validity of the policy, *held* not to estop it, when sued, to set up such invalidity as a defense.

**2. Insurance ⚖═➤397—Offer of settlement by insurer held not waiver of defenses.**

Negotiations for settlement, or an offer of settlement after a loss, though with knowledge of facts which might invalidate the policy, *held* not a waiver by the insurer of the right to set up such invalidity when sued on the policy.

**3. Insurance ⚖═➤326(2)—Plain provisions of policy must be given effect.**

Where a policy on a stock of merchandise contained an absolute inhibition against the keeping of fireworks in stock, there is no room for construction, and the clause is not affected by a further provision permitting the keeping of gunpowder, nor one permitting the keeping of enumerated goods and "other merchandise not more hazardous, usual to his trade."

**4. Insurance ⚖═➤153—Custom cannot vary plain provisions of policy.**

A custom of the trade to keep certain kinds of merchandise in stores such as that insured cannot be shown to contradict or modify a plain inhibition in the policy.

At Law. Action by the Jacksonville Adjustment Bureau against the National Ben Franklin Fire Insurance Company. On demurrers to replications. Demurrers sustained.

Philip S. May, of Jacksonville, Fla., for plaintiff.

Cockrell & Cockrell, of Jacksonville, Fla., for defendant.

CALL, District Judge. In this case the defendant pleaded: First, a violation of the iron safe clause of the policy, in that the assured did not keep books as required; second, did not keep a set of books showing his sales and shipments; third, did not produce the books required by the contract to be kept; fourth, that the assured kept on the premises insured fireworks; fifth, that fireworks were allowed upon the insured premises.

To these pleas, severally, the plaintiff replied in four replications, as follows: First, that the representatives of the defendant made a complete investigation of the facts surrounding the loss, the assured submitted his last inventory and all books and records, and within the time allowed proof of loss was submitted and accepted; that by reason of such investigation and examination of books and records the defendant knew the facts set up in said pleas, and did not at any time prior to filing said pleas claim a forfeiture of the policy, but contended that it would not make full payment, for the reason that it claimed that a substantial portion of the stock had been removed from the store prior to the fire; that, if concessions were made of the claim that goods had been removed prior to the fire, settlement of the loss would be made; therefore defendant is now estopped to claim forfeiture by reason of the facts pleaded; second, that, although defendant was fully informed of the facts in said pleas alleged, it did not at any time prior to filing the pleas claim a forfeiture of the policy, but, on the contrary, recognized said policy as valid and subsisting, and offered to pay the assured 50 per cent. of the policy; third,

that, although fully cognizant of the facts in said pleas alleged, the defendant did not claim forfeiture of the policy prior to filing the pleas, but recognized said policy as valid and subsisting, and negotiated with assured and his assignee for a settlement thereof; fourth, that, although the defendant was fully cognizant of the facts alleged in said pleas, it did not claim forfeiture of the policy on the grounds alleged, but recognized the policy as valid and subsisting, but declined to make full payment solely because of the claim that some goods had been removed from the stock prior to the fire, and offered to make settlement if allowance was made for goods claimed to have been removed.

Three replications were filed to the fourth and fifth pleas in addition: Fifth, that the fireworks were made of gunpowder, and the total gunpowder contents was less than 50 pounds; sixth, that the keeping of fireworks was usual to the trade; seventh, that it was the general custom for stores such as the assured to carry fireworks, and that such custom was well known to the defendant at the time the policy was written and delivered.

Demurrers were filed to each of these replications.

The first and fourth replication seem to be based on the idea that, the defendant having placed its refusal to pay the face of the policy because it claimed goods had been removed from the store prior to the fire, and offered terms of settlement, it is now estopped from pleading any other defense of which it had knowledge at the time. The second and third replications seem to be based on the idea that the defendant, with a knowledge of the facts pleaded, not insisting upon the forfeiture, but attempting to settle the loss, waives the defenses.

[1] Applying the law of estoppel to the facts set up in the first and fourth replications, I cannot see why the defendant should be estopped from setting up the defenses pleaded. By its action in examining into the loss, the receipt of proofs, etc., and subsequent effort to settle with the assured, he was not induced to change his position to his detriment. The case of Pennsylvania Fire Insurance Co. v. Hughes, 108 F. 497, 47 C. C. A. 459, was referred to by the attorney for the plaintiff. Judge McCormack, delivering the opinion of the court, does not discuss the question of estoppel. The circumstances of that case are very different from the instant case. These are the first pleas offered by defendant. In that case,

the plea setting up the existence of the lien was filed just prior to the trial, and was filed after the issues for the trial were made up. I cannot say how much weight that fact might have had with the court in reaching its decision. However, I can see no estoppel in the present case, set up by these two replications. Nor do I think the facts set up in them constitute a waiver of the defenses.

[2] The second and third replications, as I understand them, rely upon the doctrine of waiver. Now, the facts relied upon for waiver are that the defendant knew the facts set up in the pleas, and with such knowledge did not declare a forfeiture of the policy, but endeavored to reach a settlement of the loss with the assured. As I understand, settlements of disputes are favored by the law rather than forfeiture; and to hold such acts a waiver of existing defenses, because not insisted upon, would be to say to the defendant: "You must insist on a forfeiture, if cause for one exists. You try to reach a settlement with the assured at your peril." I do not think the facts set up in the second and third replications state a waiver of the defenses of the pleas.

[3] The fifth replication undertakes to justify the keeping of fireworks because the policy permitted gunpowder to be kept in stock. The policy contains the absolute inhibition against keeping fireworks in stock; and, as announced by the Supreme Court, insurance policies are construed like any other written contract between parties. If the meaning of the words used is plain, and no fraud or mistake in the case, there is no room for construction. They must be given their plain meaning. Fireworks are prohibited; gunpowder is allowed. It will not do to say that, because fireworks have gunpowder in them, fireworks may be kept in stock, where the policy forbids it.

The contention of plaintiff that the typewritten words in the policy, "Dry goods, ready to wear clothing, boots, shoes, clothing, groceries, hardware," followed by the printed words, "and such other merchandise not more hazardous usual to his trade," authorizes the keeping of fireworks, is not tenable. Nor can a custom of the trade be shown to contradict the provisions of the policy. There is no ambiguity to be explained.

[4] The sixth and seventh replications seek to justify the keeping of fireworks because of custom among storekeepers and the knowledge of this custom by the defendant

when the policy was written. In Barnard v. Kellogg, 10 Wall. 384, 19 L. Ed. 987, the last headnote states the office of proving a custom.. This policy is plain in its terms, that fireworks are forbidden to be kept upon the premises insured, and if they are kept that the policy is forfeited. Custom has no place under these circumstances.

The demurrers to the replications will be sustained.